UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
YI LIN,

                         Petitioner,                  **MEMORANDUM AND ORDER**
                                                       2:26-CV-2409 (PKC)

           - against -

KENNETH GENALO, Field Office Director of
Immigration and Customs Enforcement, et al.,

                         Respondents.
--------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

The Court is in receipt of Respondents' Response, (Dkt. 4), to the Court's Show-Cause

Order, (Dkt. 3).  Although Respondents acknowledge *DaCunha v. Freden*, --- F.4th ---, 2026 WL

1146044 (2d. Cir. Apr. 28, 2026), they maintain that they are "require[d] . . . to detain Petitioner

pursuant to § 1226(a)."  (Dkt. 4, at 1.)  But Respondents provide no facts to support this position;

nor do they contest the facts Petitioner has alleged, namely that Respondents *initially* detained

Petitioner under § 1225(b)(2)(A) without notice, individualized assessment of risk, and any

opportunity to be heard.  (*See* Pet., Dkt. 1, ¶¶ 4, 74.)  "Respondents' complete and utter failure to

produce evidence supporting any ground to detain [petitioner] is reason alone to grant [his]

Petition."  *See Marisol P.Q. v. Bondi*, No. 26-CV-1055 (MJD) (DJF), 2026 WL 376306, at *2 (D.

Minn. Feb. 10, 2026), *report and recommendation adopted*, No. 26-CV-1055 (MJD) (DJF), 2026

WL 468237 (D. Minn. Feb. 18, 2026).  Moreover, habeas relief is warranted when individuals like

Petitioner, "who are present in the United States, but charged as inadmissible for entering the

country without inspection and admission," are erroneously detained pursuant to § 1225(b)(2)(A).

*See DaCunha*, 2026 WL 1146044 at *1–2, *5, *23.

The Court grants the petition for writ of habeas corpus, (Pet., Dkt. 1).  Respondents are directed to release Petitioner from custody immediately and no later than by Monday, May 4, 2026, at noon.  Respondents are further directed to return to Petitioner any and all funds or property seized from Petitioner at the time of his arrest.  Respondents are directed to certify compliance with the Court's Order by filing a letter on the docket no later than 5:30 p.m. on May 4, 2026.  The Court further orders that Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release (including release on recognizance or similar instruments), without prior notice to and authorization from the Court, or absent a new and independently lawful custody decision properly executed under the law.  Petitioner must not be re-detained by Respondents without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, at which Respondents will have the burden of showing that Petitioner's re-detention is authorized under Section 1226(a).  Petitioner's deadline to apply for fees under the Equal Access to Justice Act is due within 30 days of a final judgment in this action, which, if Respondents do not appeal, is July 30, 2026.  28 U.S.C. § 2412(d)(1)(B).  The Clerk of Court is respectfully directed to enter judgment consistent with this Order and close this case.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: May 1, 2026
       Brooklyn, New York

2